NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAFIYAH LENORA THOMAS, <br><br>            Plaintiff, <br><br>    v. <br><br> HON. ESTHER SALAS, *et al.*, <br><br>            Defendants. | Civil Action No. 26-00037 (GC) (JBD) <br><br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon receipt of the parties' filings (ECF Nos. 7-17) in response to the Court's Order to Show Cause why judicial immunity does not bar this suit (ECF No. 6). Plaintiff Lafiyah Lenora Thomas, who appears *pro se*, initiated this matter in Superior Court of New Jersey, Essex County, against the Honorable Esther Salas of the United States District Court for the District of New Jersey, seeking monetary damages of $20,000.[1] (ECF No. 1 at 7.)[2] The United States removed the case to federal court and substituted the United States for Judge Salas.[3] (ECF No. 1 at 3; ECF No. 16 at 1 n.1.) On January 5, 2026, this matter was assigned to the Undersigned pursuant to Local Civil Rule 40.1(g). (ECF No. 4); and

---

[1]      Plaintiff later submitted an email stating that Plaintiff sues for $100,000. (ECF No. 12-3.)

[2]      Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]      The United States "removed the Complaint and automatically substituted the United States for the Honorable Esther Salas, U.S.D.J., under the Westfall Act, 28 U.S.C. § 2679, because the claims sound in tort against Judge Salas." (ECF No. 16 at 1 n.1.)

**WHEREAS** Local Civil Rule 40.1(g) applies when a plaintiff names a judge of this Court as a defendant and requires assignment of the case to a judge seated in a different vicinage than the permanent duty station of the defendant judge. *See* L. Civ. R. 40.1(g). The assignee judge must determine whether the suit is "patently frivolous, or if judicial immunity is plainly applicable" before making any ruling in the matter. *Id.*; and

**WHEREAS** the doctrine of judicial immunity provides that "[a]s a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages[.]"[4] *Alfred v. New Jersey*, Civ. No. 13-0332, 2013 WL 4675536, at *7 (D.N.J. Aug. 29, 2013) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). "In determining whether an act qualifies as a 'judicial act,' courts look to 'the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Savage v. Camden Cnty. Corr. Facility*, Civ. No. 16-08199, 2017 WL 1502789, at *6 (D.N.J. Apr. 26, 2017) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Importantly, "[a] judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority[.]" *Stump*, 435 U.S. at 356; *see also Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[O]ur analysis must focus on the general nature of the challenged action, without inquiry into such 'specifics' as the judge's motive or the correctness of his or her decision."). Even allegations of "grave procedural errors," *Gallas*, 211 F.3d at 769, "unfair or controversial" actions, *id.*, or actions "undertaken with an improper motive" do not forfeit a judge's immunity, *Timm v. New Jersey*, Civ.

---

[4] There are two circumstances in which judicial immunity does not apply, but neither are applicable here: "(1) a judge is not immune from liability for nonjudicial actions, and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Timm v. New Jersey*, Civ. No. 18-9769, 2022 WL 1291525, at *4 (D.N.J. Apr. 29, 2022) (citing *Kaul v. Christie*, 372 F. Supp. 3d 206, 246 (D.N.J. 2019)).

No. 18-9769, 2022 WL 1291525, at *4 (D.N.J. Apr. 29, 2022) (quoting *Trapp v. Tassini*, Civ. No. 14-6885, 2015 WL 4392840, at *3 (D.N.J. July 15, 2015)); and

**WHEREAS** Plaintiff's Complaint contains one paragraph and asserts that Judge Salas "denied [Plaintiff's] case without [reason]" and that "the judge is out of scope," although it does not identify the case at issue. (ECF No. 1 at 7.) Plaintiff's supplemental submissions in response to the Court's Order to Show Cause include a copy of an order issued by Judge Salas in *Thomas v. Kiviat*, Civ. No. 24-8314, an action in which Plaintiff sought to appeal a denial of social security benefits. (*See* ECF No. 12-8.) The order granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's complaint because it did not comply with various Federal Rules of Civil Procedure, including the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g). (*Id.* at 1, 7-8; *see also Thomas v. Kiviat*, Civ. No. 24-8314, ECF No. 3.) Plaintiff also submitted emails in which Plaintiff states, "Judge Esther Salas cancelled my . . . federal level civil suit" and "[J]udge Esther Salas is just being mean and making stuff up to have something to fill up the paper." (ECF No. 13-2; ECF No. 12-5; *see also* ECF No. 7-1 at 2-3 (describing Judge Salas' decision as "baseless or untrue," stating Judge Salas "said [m]y hand writing was hard to understand and I fail[ed] to state a claim" and asserting Judge Salas needed to "correct errors")); and

**WHEREAS** the Court finds that Plaintiff's allegations against Judge Salas pertain to the unfavorable outcome in *Thomas v. Kiviat*. However, a judge's issuance of an order, including one that dismisses a complaint, is "undeniably a judicial act" subject to judicial immunity. *Gallas*, 211 F.3d at 770; *see also Gueson v. Feldman*, Civ. No. 00-1117, 2001 WL 34355662, at *4 (E.D. Pa. Nov. 30, 2001) ("Dismissing a lawsuit is clearly an action taken in a judge's judicial capacity.").

Therefore, the Court finds that judicial immunity bars Plaintiff's Complaint.[5]  Even when a judge's action is perceived as "unfair" or "controversial," a judge does not lose immunity for their judicial acts.  *Gallas*, 211 F.3d at 769.  As such, the Court must dismiss the United States from this action;[6] and for other good cause shown,

**IT IS** on this 23rd day of March, 2026, **ORDERED** as follows:

1. The United States is DISMISSED from this action without prejudice.

2. The Clerk's Office is directed to CLOSE this case.

3. The Clerk's Office is directed to mail a copy of this Order to Plaintiff by regular U.S. mail.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[5]     The Court notes the United States' suggestion that Plaintiff alleges Judge Salas acted fraudulently by seeking to help Cory Booker.  (ECF No. 16 at 1; *see also* ECF No. 12-5 ("[Judge Salas] helped Cory Booker.").)  Upon the Court's review of Plaintiff's submissions to the Court, the Court finds that Plaintiff has not asserted any factual allegations that support this assertion. *See Rockefeller v. New Jersey*, Civ. No. 07-1878, 2007 WL 2363744, at *2 (D.N.J. Aug. 16, 2007) ("A complaint is frivolous if it lacks an arguable basis in law or fact[.]").

[6]     "[T]he United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled."  28 U.S.C. § 2674.